**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

MUBINA QASIMYAR,

        *Plaintiff,*

        v.

MARCO RUBIO, *et al.*

        *Defendants.*

Case No. 1:24-cv-2244

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 8). Plaintiff Mubina Qasimyar seeks to compel the adjudication of her petitions seeking humanitarian parole on behalf of her sisters. However, no statute or regulation requires the United States Citizenship and Immigration Service ("USCIS") to adjudicate these petitions; therefore, this Court lacks jurisdiction over Plaintiff's claims. For that reason, and the reasons that follow, this Court will GRANT Defendants' Motion to Dismiss and DISMISS Plaintiff's complaint.

## I.   BACKGROUND

### A.   Statutory Background

Under the Immigration and Nationality Act ("INA"), the Secretary of Homeland Security ("Secretary") "may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefits any alien applying for admission to the United States[.]" 8 U.S.C. § 1182(d)(5)(A); *see* 8 C.F.R. § 212.5 (implementing regulations). Although parole allows a noncitizen to enter the United States temporarily, it does not confer immigration status and is not

admission into the United States. *Id.*; 8 U.S.C. §§ 1101(a)(13)(B) (defining admission), 1182(d)(5)(A); *see also* 8 C.F.R. § 1.2 ("An arriving alien remains an arriving alien even if paroled" under 8 U.S.C. § 1182(d)(5)(A), "even after any such parole is terminated or revoked."). Neither the statute nor its implementing regulations establish any deadline for the completion of the review of parole requests. The INA also provides that "…no court shall have the jurisdiction to review… any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is… in the discretion of the Attorney General or Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii). To seek parole, noncitizens or petitioners can file a Form I-131 petition with USCIS. *See* ECF 9 at 4.

**B.    Factual Background[1]**

Plaintiff is a United States citizen residing in Virginia. ECF 1 ¶ 1. She filed two Form I-131 petitions on behalf of her sisters who reside in Afghanistan. *Id.* Despite Plaintiff communicating with USCIS regarding the applications, they have remained pending since March of 2022. *Id.* ¶ 4. Plaintiff's sisters have experienced "extreme hardship" as a result of USCIS's delay in adjudicating their petitions. *Id.* ¶¶ 14-15.

**C.    Procedural History**

On December 11, 2024, Plaintiff commenced this action, requesting this Court, "declare that the agency unreasonably delayed issuing decision on her application for years, and to require that all of Plaintiff's applications be adjudicated within a reasonable time[.]" *Id.* ¶ 6. She brings three claims for relief: (1) a claim for agency action unlawfully withheld and unreasonably

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

delayed, in violation of the Administrative Procedure Act ("APA"), 5. U.S.C. § 555[2] ("Count I"),
*id.* ¶¶ 16-19; (2) a claim for a writ of mandamus to compel a determination on her applications,
28 U.S.C. § 1361, *id.* ¶¶ 20-23 ("Count II"); and (3) a declaration that Defendants have
unreasonably and unlawfully withheld adjudication of Plaintiff's applications, *id.* ¶¶ 24-26
("Count III").

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a moving party to challenge the court's
jurisdiction over the subject matter of the complaint. The moving party may either attack the
complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter
jurisdiction can be based," or may challenge "the existence of subject matter jurisdiction in fact,
quite apart from any pleadings." *White v. CMA Const. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996)
(internal citations omitted). The plaintiff bears the burden of establishing the court's subject
matter jurisdiction. *Trinity Outdoor, L.L.C. v. City of Rockville*, 123 F. App'x 101, 105 (4th Cir.
2005) (per curiam).

## III.    ANALYSIS

### A.     Plaintiff's APA Claim.

This Court does not have subject matter jurisdiction over Plaintiff's APA claim because
Plaintiff has not identified a clear, nondiscretionary duty for USCIS to act. The APA "does not
provide judicial review for everything done by an administrative agency." *Invention Submission
Corp. v. Rogan*, 357 F.3d 452, 459 (4th Cir. 2004) (internal quotations omitted). A cause of action

---

[2] Section 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties
... and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5
U.S.C. § 555(b). A court may "compel agency action unlawfully withheld or unreasonably
delayed." *Id.* § 706(1).

under the APA does not extend to agency actions where the statute precludes judicial review[3] or

the agency action is committed to agency discretion by law. 5 U.S.C. § 701(a); *Heckler v. Chaney*,

470 U.S. 821, 830 (1985). A court can only compel agency action that has been "unlawfully

withheld or unreasonably delayed" when a plaintiff asserts "that an agency failed to take a *discrete*

agency action that it is *required to take*." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir.

2021) (quoting *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004)) (emphasis

in original). "But where an agency is *not required* to do something," a court "cannot compel the

agency to act—let alone to act faster." *Id.* at 366 (emphasis in original); *see also City of New York*

*v. U.S. Dep't of Def.*, 913 F.3d 423, 432 (4th Cir. 2019) (quoting *Norton*, 542 U.S. at 63) ("Just

like the traditional mandamus remedy from which [5 U.S.C. § 706(1)] is derived, claims to

compel agency action are 'limited to enforcement of a specific, unequivocal command,' over

which an official has no discretion.").

Here, contrary to Plaintiff's contention, there is no action that USCIS is required to take.

The text of the INA includes both explicit references to discretion as well as discretionary

language that indicates agency discretion. The INA provides the Secretary "*may* . . . in his

*discretion* parole into the United States temporarily under such conditions as he may prescribe

only on a case-by-case basis for urgent humanitarian reasons or significant public benefits any

alien applying for admission to the United States[.]" 8 U.S.C. § 1182(d)(5)(A) (emphasis added).

The implementing regulations similarly do not require action. *See* 8 C.F.R. § 212.5 ("The

Secretary or his designees *may invoke, in the exercise of discretion*, the authority under section

---

[3] Defendants do not argue that this Court is statutorily precluded from judicial review, ECF 12 at 2, and USCIS's mere delay in processing the application is likely not a "decision" or "action" within the scope of the INA's jurisdiction stripping provision. *See, e.g. Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024); 8 U.S.C. § 1252(a)(2)(B)(ii).

212(d)(5)(A) of the Act.") (emphasis added); *Lovo v. Miller*, 107 F.4th 199, 213 (4th Cir. 2024) (finding the use of the word "may… offers a clear indication that USCIS is not mandated to do so."). The granting of parole, therefore, "is discretionary." *Haddam v. Reno*, 54 F. Supp. 2d 602, 608 (E.D. Va. 1999); *De Sousa v. Dir. of U.S. Citizenship & Immigr. Servs.*, 720 F. Supp. 3d 794, 808 (N.D. Cal. 2024) (finding Plaintiff's claim for unlawful delay of parole decision failed as a matter of law because USCIS retained discretion for its decision); *cf. Sarshartehran v. Rubio*, No. 7:24-cv-633, 2025 WL 1261787 at **5-6 (W.D. Va. May 1, 2025).

Plaintiff argues that the mandatory fee associated with the parole applications "creates a corresponding duty to adjudicate." *See* ECF 11 at 3. However, binding Fourth Circuit precedent found that it is a "significant logical leap" to conclude that a mandatory application fee binds USCIS to adjudicate immigration applications. *Miller*, 107 F.4th at 215. While the applicant may have a cause of action related to refunding the fee, "it does not follow that the claim permits an applicant to force USCIS to adjudicate when its regulations otherwise make that decision discretionary." *Id.*

USCIS therefore retains discretion under both the statute and regulations to make decisions regarding parole applications. Because USCIS is not required to adjudicate these applications, this Court lacks jurisdiction to consider Plaintiff's APA claim. Accordingly, Count I is dismissed.

### B.    Plaintiff's Request for Mandamus Relief.

For the same reasons, Plaintiff's request for mandamus relief must be dismissed. Similar to the APA, the Mandamus Act only permits federal courts to exercise jurisdiction if an agency has a clear duty to act. *Miller*, 107 F.4th at 217; *see also Murray Energy Corp. v. Adm'r of Env't Prot. Agency*, 861 F.3d 529, 537 n.4 (4th Cir. 2017) (recognizing that § 1361 "only empower[s] a court to respond to an agency's failure to act in the face of a clear-cut duty"), *as amended* (July 18, 2017). Because, as discussed above, there is no clear duty to act, Count II is dismissed.

**C.      Plaintiff's Request for Relief Under the Declaratory Judgments Act.**

Finally, Plaintiff's claim for relief under the Declaratory Judgments Act fails as a matter of law. The act "does not provide a source of jurisdiction which is independent of substantive federal law." *Vogel v. City of Virginia Beach*, No. 2:18-CV-361, 2018 WL 11240470, at *4 (E.D. Va. Oct. 24, 2018) (quoting *Gibraltar, P.R., Inc. v. Otoki Grp., Inc.*, 104 F.3d 616, 619 (4th Cir. 1997)). The Court lacks subject-matter jurisdiction over Plaintiff's claims. Therefore, Count III is dismissed.

**IV.      CONCLUSIONS**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF 8, is **GRANTED**; and it is further

**ORDERED** that all claims against Defendants in Plaintiff's complaint are **DISMISSED.**

The Clerk is hereby directed to close this civil action.

It is **SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

June 10, 2025
Alexandria, Virginia

6